## CITIZENS' NAT. BANK OF WAXAHACHIE v. FIRST NAT. BANK OF GORMAN. (No. 1596.)

(Court of Civil Appeals of Texas. El Paso. March 6, 1924.)

1. Banks and banking ⚷⇒171(1)—Bank is liable to owner of draft for failing to exercise care in presenting draft for collection.

A bank accepting a draft for collection assumes duty of exercising ordinary care to present and collect it and for a breach of that duty it is liable in damages to the owner of the draft for any loss resulting from its failure to perform its duty.

2. Banks and banking ⚷⇒175(2)—Petition held to allege plaintiff bank was owner of draft it sent to defendant bank for collection.

In an action by a bank against another bank for damages for defendant's failure promptly to present for collection a draft drawn on an individual which he refused to pay after corporate stock attached to the draft had become worthless, petition *held* to allege that plaintiff bank was the owner of the draft and to be good against general demurrer.

Appeal from Eastland County Court at law; J. H. Jones, Judge.

Action by the Citizens' National Bank of Waxahachie against the First National Bank of Gorman. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

G. O. Groce, of Waxahachie, and Sayles & Sayles, of Eastland, for appellant.
Conner & McRae, of Eastland, for appellee.

HIGGINS, J. Appellant sued appellee to recover $750. The material facts alleged in the petition may be summarized as follows:

On March 20, 1919, W. H. McAlpin owned five shares of stock in the Waxahachie Oil Production Company of the market value of $750 and on March 21, 1919, agreed to sell and A. M. Wesson agreed to purchase the same for that amount, and, in pursuance of such agreement, McAlpin drew his draft upon Wesson for said sum and attached the certificates of stock thereto and McAlpin sold and delivered the same to plaintiff and indorsed same to plaintiff without recourse, plaintiff paying therefor the face of the draft and became the owner thereof in good faith; that it forwarded same for collection to appellee at Gorman and appellee accepted same for collection; that appellee negligently failed to present same for collection until after the stock had depreciated in value and became worthless and Wesson had therefore refused to pay same and consummate the purchase of the stock and plaintiff had been unable to collect said draft and the stock was now worthless. The petition contains other allegations which are nothing more than legal conclusions of the pleader, but the concrete facts stated are as above set forth.

Appellee filed what it termed a plea in abatement, but which was in fact a special exception to the sufficiency of the petition and in substance was that the petition showed no beneficial interest in the subject-matter vested in plaintiff, because upon its face it showed that it accepted the draft merely for collection, and the cause of action, if any, was vested in McAlpin and not in the plaintiff.

The exception was sustained and the suit dismissed.

[1, 2] A bank accepting a draft for collection assumes the duty of exercising ordinary care to present and collect the same. For the breach of its duty in this respect it becomes liable in damages to the owner of the draft for any loss resulting from its failure to perform the duty imposed upon it. 3 R. C. L. 610 and 630; 1 Morse on Banks & Banking (3d Ed.) § 218. The exception does not question the sufficiency of the petition as stating a cause of action in favor of the owner, but proceeds upon the theory that the petition discloses that the owner of the draft was McAlpin and the plaintiff's title thereto was for collection only. This is untenable in view of these allegations, viz.:

"Afterwards, on the same day, to wit: March 22, 1919, said McAlpin, at Waxahachie, Texas, drew his draft for the sum of $750, the agreed purchase price of said stock on said A. M. Wesson, at Gorman, Tex., in favor of plaintiff, and attached to said draft certificates for said five shares of stock so sold, and then and there without recourse on him sold and delivered the same to plaintiff, which thereupon paid to him the full amount of such draft, and became the owner in good faith thereof, and of the shares of stock represented by the certificates thereto attached, with the right to enforce payment of said draft in compliance with the contract of sale so made."

This shows that the plaintiff became the absolute owner of the draft and entitled to recover under the rule of law announced above.

Appellee in its brief urges a number of other reasons against the sufficiency of the petition, but they are not within the scope of

---

the exception presented, and they will not be discussed because they are based upon a misconception of the effect of the pleading and ignore the rule of law upon which the cause of action arose.

The only exception presented being untenable, the court erred in dismissing the suit if the petition was good against a general demurrer. Upon this phase of the case there is only one matter which we desire to mention. There is no specific allegation that Wesson would have paid the draft had it been presented with due diligence and a special exception to its insufficiency in that respect would have been well taken. But none was made, and the reasonable intendment and deduction from the petition is that the draft would have been paid by Wesson had it been presented with due diligence. The petition is very inaptly and unskillfully framed, but it is regarded as good against a general demurrer.

Reversed and remanded.